### JOSEPH HARRINGTON *vs.* NELSON CURTIS.

C. and H. settled an account, in which C. had charged H. with large sums, and had also credited him with large payments in cash, leaving a balance against H., and proposed to advance to H. a further sum, and take H.'s note on time, secured by a mortgage, for a certain amount, which included such balance and such further sum, and agreed with H., that if there were overcharges against him, in said settled account, they should be corrected: H. gave his note and mortgage accordingly, and the sum thus advanced by C. was added to the account, and the note was credited, and the account closed.  *Held,* that upon proof of overcharges against H., in the settled account, he might maintain an action against C. for money had and received, and recover the amount of such overcharges.

SHAW, C. J.   This was assumpsit for money had and received.   The case, as it appeared on the trial before Mr. Justice Dewey, was briefly this:   There having been large pecuniary dealings between the parties, they met and settled an account in March 1845.   The defendant had made out an account against the plaintiff, charging and crediting large amounts, and making a balance due to himself, and thereupon

---

offered to make to the plaintiff further advances, making together $2500, for which he proposed that the plaintiff should give him a note secured by a mortgage. The plaintiff objected to closing the settlement at that time, desiring to investigate the account, and alleging that there were various errors and overcharges in it. But the defendant agreed, if the plaintiff would then settle the account, and give the note and mortgage, that any errors and overcharges therein, if any should be found, should be corrected. Subsequently, the plaintiff brought this action for money had and received, and offered evidence to prove such overcharges. This evidence was admitted by the judge, and left to the jury, with instructions not excepted to, who found a verdict for the plaintiff.

The specific objection to the evidence, at the trial, and now made on the argument here, is, that as the defendant had not received money for the balance, but only a note on time, which has not yet been paid, he could not be liable for money had and received. This proposition, strongly supported, as it was, by the full argument for the defendant, we do not propose to controvert; but, under the circumstances, we think it does not apply to this case.

The account settled, the errors in which, if any, the defendant undertook to correct, embraced many items of credit by cash payments, and also a credit of the new note and mortgage. It was one entire account, all of which was then settled, and all of which was open for correction. Taking the whole together, the result was, that the defendant received of the plaintiff a given amount in, cash and securities, and the event proved, that to a certain extent, he held them both without right, and contrary to good conscience. This included the money, as well as the securities, and constituted a case where, upon the common principle, assumpsit lies for money had and received.

According to the agreement, made by the parties at the trial, the verdict is to be amended by reference to an assessor.

*J. J. Clarke,* for the defendant.

*Harrington & F. Hilliard,* for the plaintiff.